UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA FRANCIS,<br>      Plaintiff<br><br>v.<br><br>FAMILY DOLLAR STORES of<br>RHODE ISLAND, LLC<br>#08425, Alias & Doe 1 thru Doe 4,<br>Inclusive,<br>      Defendants | Civil Action No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Family Dollar Stores of Rhode Island, LLC ("Family Dollar") hereby gives notice of the removal of this action that is currently pending in the Superior Court of Rhode Island in Providence County, captioned <u>Linda Francis v. Family Dollar Stores of Rhode Island, LLC</u> *et al,* P.C.-2020-05586, to the United States District Court for the District of Rhode Island. As grounds for removal, Family Dollar states as follows:

1. Family Dollar removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interests and costs. See 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.").

## BACKGROUND

2. On or about August 5, 2020 Plaintiff Linda Francis ("Plaintiff") filed a complaint in the Rhode Island Superior Court for Providence County naming Family Dollar as defendant. See Exhibit A.

3. Plaintiff alleges in her Complaint that she was injured on Family Dollar's premises, and that she suffered "severe and permanent personal injuries." (the "Incident") Exhibit A, ¶ 8.

4. Plaintiff further alleges that as a result of this Incident, she "suffered and will suffer great pain and agony for a longer period of time; she was and will be unable to perform her usual work and affairs for a long period of time; she was and will be obliged to receive medicines and medical attendance for a long period of time in an endeavor to cure or relieve her injuries and . . . was otherwise greatly injured and damaged." Ibid. at ¶ 15.

## TIMELINESS OF REMOVAL

5. Family Dollar was served with Plaintiff's Complaint on or about August 25, 2020.

6. This Notice of Removal is timely because it is filed within 30 days from the date that each defendant received service of the Complaint. See 28 U.S.C. §§ 1441(e), 1446(b)(3); see also Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (removal period triggered by service); Universal Truck & Equip. Co., Inc. v. Southworth-Milton, Inc., 765 F.3d 103, 107 (1st Cir. 2014).

## DIVERSITY OF CITIZENSHIP

7. Complete diversity of citizenship exists in this matter because Family Dollar is a citizen of different states than Plaintiff. See 28 U.S.C. § 1332(a).

8. Plaintiff alleges that she is an individual residing in the State of Rhode Island. Plaintiff is therefore a citizen of Rhode Island for diversity purposes.

9. Family Dollar Stores of Rhode Island, LLC is a limited liability company formed under the laws of the Commonwealth of Virginia. Family Dollar Stores of Rhode Island, LLC's sole member is Family Dollar, Inc. Family Dollar, Inc. is a corporation formed under the laws of North Carolina with a principal place of business of 500 Volvo Parkway, Chesapeake, VA 23320. Therefore, Family Dollar Stores of Rhode Island, LLC is not considered a citizen of the state of Rhode Island for diversity purposes.

10. There is complete diversity between Plaintiff and Family Dollar in this action because Plaintiff is a citizen of the State of Rhode Island and Family Dollar is not a citizen of Rhode Island.  See 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

11. Based on Plaintiff's allegations and other papers, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

12. Because her Complaint does not include a specific damages amount, Family Dollar may "remove within thirty days of receiving a subsequent paper from which it may be first ascertained that the . . . action is or has become removable." Mannix v. CBS Corporation, C.A. No. 18-558-WES, 2019 WL 145547, at * 2 (D.R.I. Jan. 9, 2019).

13. Family Dollar received a settlement demand of $500,000 from Plaintiff to settle this matter.

14. An initial settlement demand can be considered as an "other paper" if it is the first document that informs the defendant that the case is removable. See <u>Toro</u> v. <u>CSX Intermodal Terminals, Inc.</u>, 199 F. Supp.3d 320, 323 (D. Mass. Aug. 9, 2016);

15. Plaintiff's statements that she sustained severe and permanent injuries; that she is unable to perform her usual work and affairs; and that she is to receive medicines and medical attendance for a long period of time are sufficient to establish a reasonable probability that the amount in controversy exceeds $75,000 based on Plaintiff's settlement demand. See <u>Lucas</u> v. <u>Ultima Framingham LLC</u>, 973 F.Supp.2d 98, 102 (D. Mass. Sept. 27, 2013) (the calculation of the amount in controversy for diversity purposes "includes monies not yet due the plaintiff at that point – so long as the 'judgment' will clearly and finally create an obligation to pay, over a number of years, a sum in excess of the jurisdictional amount").

**ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

16. Pursuant to 28 U.S.C. §§ 1441(a) and 1446 (a), Family Dollar is filing this Notice of Removal in the Federal District Court for the district within which the state court Complaint was filed.

17. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Rhode Island, as the Complaint in this action was filed in the Superior Court for the State of Rhode Island, Providence County.

18. Family Dollar will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Rhode Island Superior Court for Plymouth County, as required by 28 U.S.C. § 1446(d).

19. In removing this action, Family Dollar does not intend to waive any rights or defenses to which it is otherwise entitled under the Federal Rules of Civil Procedure.

20. Based upon the record submitted with this Notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Family Dollar Stores of Rhode Island, LLC respectfully requests that this action proceed in the United States District Court for the District of Rhode Island, as an action properly removed from state court.

Respectfully submitted,
Family Dollar Stores of Rhode Island, LLC
By their attorneys,

 /s/ Mario D. Nimock
Andrew R. Ferguson (8403)
Mario D. Nimock, BBO (9610)
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com
aferguson@coughlinbetke.com
mnimock@coughlinbetke.com

**CERTIFICATE OF SERVICE**

I, Mario D. Nimock, hereby certify that on this 14th day of September, I filed the within document on the ECF system and served a copy of the within document upon all parties by E-Mail:

Wayne G. Resimini, Esq.
Resmini Law LLC
1022 Reservoir Ave
Cranston, RI 02910

 /s/ Mario D. Nimock
Mario D. Nimock, Esq.